IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CASE NO. 3:22cv332

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> APPROXIMATELY $1,322,642.57 IN ) <br> FUNDS SEIZED FROM WELLS FARGO ) <br> ACCOUNT XXXXX6021, SUCH ACCOUNT ) <br> HELD IN THE NAME OF ADRIENNE ) <br> BLOUNT. ) | **COMPLAINT FOR <br> FORFEITURE *IN REM*** |

NOW COMES the United States of America, Plaintiff herein, by and through Dena J. King, United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and respectfully states the following:

### INTRODUCTION

1. As set forth more specifically below, this action seeks the forfeiture of over $1.3 million in funds obtained after one or more unidentified individuals fraudulently obtained an Economic Injury Disaster Loan Program loan in the name of APS, a Kentucky-based swimming pool business and victim of identity theft, and then deposited the loan proceeds into the Target Account which was controlled by Adrienne Blount, a resident of the Charlotte area.

2. This is a civil action *in rem* pursuant to 18 U.S.C. §§ 981(a)(1)(C). Procedures for this action are mandated by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and, to the extent applicable, 18 U.S.C. §§ 981, 983, and 984, and the Federal Rules of Civil Procedure.

3. The subject *res* is comprised of the above-captioned $1,322,642.57 in funds seized from Wells Fargo Account XXXXX6021, such account held in the name of Adrienne Blount.

(funds identified as "the Funds"; account identified as "Target Account"). The Funds constitute or are derived from proceeds of wire fraud in violation of 18 U.S.C. § 1343.

4. This Court has jurisdiction over this action commenced by the United States under 28 U.S.C. § 1345 and over this action for forfeiture under 28 U.S.C. § 1355(a). The Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b).

5. This Court has venue pursuant to 28 U.S.C. §§ 1355 and 1395. Venue is proper because the acts or omissions giving rise to the forfeiture occurred in this district, the claim accrued in this district, and the Funds were found in this district.

6. Specifically, in or about February 25, 2022, the United States Secret Service ("USSS"), acting pursuant to a federal Seizure Warrant (WDNC Case 3:22mj87) for forfeiture, seized the Funds in the Western District of North Carolina. The USSS in the Western District of North Carolina is currently holding the Funds.

7. Pursuant to Supplemental Rule G(2)(f), facts in support of a reasonable belief that the Government will be able to meet its burden of proof at trial are set forth more fully as follows and have been verified by the attached Verification of Small Business Administration Special Agent Carter N. Catlett III.

### BACKGROUND-THE CARES ACT

8. In March 2020, under the provisions of The Coronavirus Aid, Relief, and Economic Security Act (CARES), the U.S. Congress and President authorized $2.2 trillion dollars in economic stimulus in response to the economic decline caused by the COVID-19 pandemic in the United States.

9. Among other things, the CARES Act allowed for the United States Small Business Administration ("SBA") to offer Economic Injury Disaster Loan ("EIDL") funding to business owners negatively affected by the COVID-19 pandemic.

10. Using the SBA online portal, EIDL applicants may submit personal and business information in support of each EIDL application. Applicants are not required to submit supporting documentation of any sort. However, applicants do have to affirm that the information submitted is true and correct under the penalty of perjury and applicable criminal statutes. The application process involves providing information relating to the size of the affected business entity, the ownership of said business, and other information such as the number of employees and gross business revenues realized in the twelve months prior to the impact of COVID-19 on the national economy. This information submitted by the applicant is then used by SBA systems to calculate the principal amount of money the small business is eligible to receive in the form of an EIDL. By checking a box within the online application, an applicant may request and then receive up to $10,000.00 in an EIDL Cash Advance Grant based on the number of employees claimed. The EIDL Cash Advance Grant need not be repaid to the SBA if the loan application is ultimately denied by the SBA, or if the applicant declines the EIDL that may be offered by the SBA at a later date.

11. The SBA Office of Disaster Assistance (ODA) controls the EIDL program and is headquartered in Washington, DC. The ODA has authority over all loans created and disbursed under the EIDL program. EIDL principal proceeds and available Cash Advance Grants (up to $10,000) are solely funded by the SBA and are disbursed from government-controlled accounts maintained with the U.S. Treasury at Federal Reserve Banks throughout the United States.

3

Case 3:22-cv-00332-MOC-DSC   Document 1   Filed 07/25/22   Page 3 of 8

12. Pursuant to the provisions governing the EIDL program, the afflicted applicant business must have existed in an operational condition on February 1, 2020 and loan proceeds must be used by the afflicted applicant business on certain permissible expenses, such as fixed debts, payroll, accounts payable, and other bills that could have been paid had the COVID-19 disaster not occurred.

## THE EIDL SCHEME

13. On or about December 13, 2021, an unidentified individual ("UI") submitted an EIDL application, via the online EIDL portal, for the business of APS, a swimming pool company located in Kentucky. The loan request was for $1,821,500. UI provided personal identifying information for the legitimate owner of APS and stated that APS had ten employees, and had 2019 gross revenues of $1,952,495 and 2020 gross revenues of $1,519,279. UI also supplied Target Account information to the SBA for loan disbursement. UI also used the online EIDL portal to submit a purported Wells Fargo Bank account statement for the Target Account to the SBA as proof that the account existed and could be funded.

14. However, although the legitimate business, APS, is based in Kentucky, the Target Account, information for which was submitted by the UI who applied for an EIDL loan, was actually opened and is maintained in Charlotte, North Carolina, within the Western District of North Carolina.

15. On or about the January 11, 2022, the Target Account received an ACH deposit of approximately $499,900 from the SBA. The descriptor, "MISC PAY," and company name, "SBAD TREAS 310," were included in the memo section of the deposit. The descriptor and company name indicate that the deposit represented an EIDL loan.

16.     On or about February 15, 2022, the Target Account received an ACH deposit of approximately $1,321,500 from the SBA.  The descriptor, "MISC PAY," and company name, "SBAD TREAS 310," were included in the memo section of the deposit.  The descriptor and company name indicate that the deposit represented an EIDL loan.

17.     On or about February 15, 2022, based on suspicion that funds were deposited into the Target Account as the result of a fraudulent EIDL, Wells Fargo Bank restrained the contents of the Target Account.  Thereafter, Wells Fargo Bank and law enforcement, including but not limited to Special Agent Catlett, began investigating the fraud and source of the Funds.

18.     Ultimately, a comparison by law enforcement of the purported Target Account documennts supplied online by the UI to SBA with legitimate Target Account documents maintained by Wells Fargo Bank revealed that the Target Account documents submitted to the SBA via the EIDL portal were fictitious and/or altered.

>   a.     For example, the Target Account statement submitted to the SBA via the online EIDL portal identifies a reporting period that ends on the last day of the month.  However, legitimate Target Account statements provided by Wells Fargo Bank identify reporting periods which end on the 15th day of every month.
>
>   b.     Further, the Target Account statement submitted to the SBA via the online EIDL portal identify the Target Account holder as Adrienne Blount, APS, Bowling Green, Kentucky.  However, the statement submitted on the online portal was false, as the Target Account is actually a personal account belonging to Blount who resides in Charlotte, North Carolina and is not affiliated with APS or APS's legitimate owner in Kentucky.

19. Specifically, on February 22, 2022, Special Agent Catlett traveled to Bowling Green, Kentucky, and interviewed an individual identified herein as DP, the owner of APS. DP confirmed that he does not know Blount, that APS does not have any relationship with Wells Fargo Bank, and that APS did not apply for the EIDL loan discussed herein.

20. On or about February 25, 2022, USSS obtained a Seizure Warrant for the contents of Blount's Wells Fargo Bank account—the Target Account—and ultimately seized the Funds.

21. Based on, among other information, the information set forth herein, the Funds constitute proceeds of wire fraud resulting in disbursement of large amounts of money from the SBA EIDL program to the Target Account.

## CONCLUSION

22. By virtue of the foregoing and pursuant to 18 U.S.C. § 981(f), all right, title, and interest in the Funds vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture and has become and is forfeitable to the United States.

WHEREFORE, the United States of America respectfully prays the Court that:

1. Due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

2. Judgment be entered declaring the Funds to be condemned and forfeited to the United States of America for disposition according to law; and

3. The United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of the Funds as required by 28 U.S.C. § 1921.

Respectfully submitted, this the 25th day of July, 2022.

        DENA J. KING
        UNITED STATES ATTORNEY

        **s/Benjamin Bain-Creed**
        FL Bar Number 21436
        Assistant United States Attorney
        Suite 1650, Carillon Building
        227 West Trade Street
        Charlotte, North Carolina 28202
        Telephone: (704) 344-6222
        Facsimile: (704) 344-6629
        Email: benjamin.bain-creed@usdoj.gov

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

## VERIFICATION

Carter N. Catlett III deposes and says under penalty of perjury:

I am a Special Agent with the Small Business Administration – Office of the Inspector General and one of the agents assigned to this case.

I have read the foregoing Complaint and the factual information contained therein is true according to the best of my knowledge, information, and belief.

_____
Carter N. Catlett III
Special Agent
Small Business Administration – Office of the
Inspector General

8